UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES NGUYEN, ) | |
| ) | |
| Plaintiff, ) | No. |
| ) | |
| vs. ) | Judge |
| ) | Magistrate Judge |
| NORTHEASTERN ILLINOIS UNIVERSITY, ) | |
| ) | Jury Demand |
| Defendant. ) | |

## COMPLAINT

1. This is an action for money damages and injunctive relief brought pursuant to 42 U.S.C. § 2000e *et seq.* as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a)(3), and 42 U.S.C. Section 2000e-5(f)(3).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Chicago and an employee of Defendant Northeastern Illinois University.

5. Defendant Northeastern Illinois University is located at 5500 North St. Louis Avenue, Chicago, Illinois, and is an employer within the meaning of Title VII, 42 U.S.C. 2000e(b).

### Administrative Procedures

6. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on April 22, 2009, regarding the discriminatory conduct by Defendant.

7. Plaintiff received a notice of right to sue the Defendant from the Equal Employment Opportunity Commission on April 29, 2010.

### Facts

1. Defendant hired Plaintiff as an Audio Visual Technician in the University Media Services Department on March 1, 2004, at a starting salary of $24,780.

2. There are 13 employees in Plaintiff's department (University Media Services). Plaintiff is the only Asian employee.

3. In 2005, Plaintiff was promoted to Instruction Communications Technician Operator III. This new job required greater skill and more responsibility.

4. Although Plaintiff received a new title and increased job responsibilities, Plaintiff's job description, job classification and salary were not increased.

5. There are 5 individuals with the Instruction Communications Technician Operator III title in Plaintiff's department. Plaintiff is the only Asian employee with this job title.

6. Plaintiff is paid substantially less money than all non-Asian employees with the same job title as Plaintiff, including two employees who were hired three years after Plaintiff.

7. Plaintiff also has substantially greater job responsibilities than other individuals with his job title.

8. When Plaintiff discovered that he was paid less than non-Asian employees, he brought the issue to the attention of his manager, Rick Senne.

9. In April 2009, Senne contacted his superior, Mr. Kim Tracy, and requested a salary increase for Plaintiff that would bring his pay in line with similarly situated non-Asian employees.

10. Plaintiff never received an increase in pay.

11. On October 23, 2008, Plaintiff met with Human Resources manager Tom Blackwell. Plaintiff made a written request for a salary increase, a transfer and an audit of his position.

12. A position audit is Defendant's procedure for determining whether an employee should be moved into a different job classification based on the employee's responsibilities.

13. The Human Resources department never responded to Plaintiff's requests.

14. In May 2010, Plaintiff reviewed his personnel file and learned that his written requests were not contained in his personnel file and were never acted upon.

15. Plaintiff was subjected to unequal terms and conditions of employment because of his race, Asian, in violation of Title VII of the Civil Rights Act of 1964, as amended.

16. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered and continues to suffer damages.

## COUNT I
### (42 U.S.C. § 2000e–2(a)(1) – Race Discrimination)

17.     Plaintiff realleges paragraphs 1 through 16 as if fully set forth herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendants,

b)      Award Plaintiff compensatory damages (including but not limited to lost wages) and punitive damages,

c)      Grant a permanent injunction restraining Defendant, its officers, successors, and assigns, from engaging in any employment practices that violate Title VII,

d)      Award attorneys' fees and costs, and

e)      Award any further relief that this Honorable Court deems just and equitable.

**Jury Trial Demanded**

                                                                                                Respectfully submitted,

                                                                                                /s/ Adele D. Nicholas
                                                                                                *Counsel for the Plaintiff*

Adele D. Nicholas
Lawrence V. Jackowiak
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595