**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES NGUYEN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 CV 4777 |
| | ) | |
| vs. | ) | Hon. Sharon Coleman |
| | ) | |
| NORTHEASTERN ILLINOIS UNIVERSITY | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED ANSWER TO FIRST AMENDED COMPLAINT**

NOW COMES the Defendant, NORTHEASTERN ILLINOIS UNIVERSTY ("NIU"), by and through its attorney, LISA MADIGAN, Attorney General of Illinois, and in response to Plaintiff's Complaint, states as follows:

1.     This is an action for money damages and injunctive relief brought pursuant 42 U.S.C.§ 2000 *et. seq.* as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981.

**ANSWER**:   **NIU admits that Plaintiff purports to bring an action for money damages and injunctive relief brought pursuant to 42 U.S.C. § 2000 *et. seq.* as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981.**

2.     Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. § 1331 and § 1343(a)(3), and 42 U.S.C. § 2000e-5(f)(3).

**ANSWER**:   **NIU admits the allegation of this paragraph.**

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER**:   **NIU admits the allegation of this paragraph.**

**Parties**

4.     Plaintiff is a resident of Chicago and an employee of Defendant Northeastern Illinois University.

**ANSWER**:     **NIU is without knowledge or information sufficient to form a belief as whether Plaintiff is a resident of Chicago but admits that he is an employee of NIU.**

5.     Defendant Northeastern Illinois University is located at 5500 North St. Louis Avenue, Chicago, Illinois, and is an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b).

**ANSWER**:     **NIU admits the allegations of this paragraph.**

**Administrative Procedures**

6.     Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on April 22, 2009, regarding the discriminatory conduct by Defendant.

**ANSWER**:     **NIU admits Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on April 22, 2009, but denies the remaining allegations of this paragraph.**

7.     Plaintiff received a notice of right to sue the Defendant from the Equal Employment Opportunity Commission on June 3, 2010, regarding retaliation by his employer following his first complaint.

**ANSWER**:     **NIU is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

9.     Plaintiff received a notice of right to sue the Defendant with regard to his retaliation claims from the Equal Employment Opportunity Commission on June 21, 2010.

**ANSWER**: **NIU is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

**Facts**

1.      Defendant hired Plaintiff as an Audio Visual Technician in the University Media Services Department on March 1, 2004, at a starting salary of $24,780.

**ANSWER**: **NIU admits the allegations of this second Paragraph 1.**

2.      There are 13 employees in Plaintiff's department (University Media Services).  Plaintiff is the only Asian employee.

**ANSWER**: **NIU denies the allegations of this second Paragraph 2.**

3.      In 2005, Plaintiff was promoted to Instruction Communications Technician Operator III.  This new job required greater skill and more responsibility.

**ANSWER**: **NIU denies the allegations of this second Paragraph 3.**

4.      Although Plaintiff received a new title and increased job responsibilities, Plaintiff's job description, job classification and salary were not increased.

**ANSWER**: **NIU denies the allegations of this second Paragraph 4.**

5.      There are 5 individuals with the Instruction Communications Technician Operator III title in Plaintiff's department.  Plaintiff is only Asian employee with this job title.

**ANSWER**: **NIU denies the allegations in this second Paragraph 5.**

6.      Plaintiff is paid substantially less money than all non-Asian employees with the same job title as Plaintiff, including two employees who were hired three years after Plaintiff.

**ANSWER**: **NIU denies the allegations of this second Paragraph 6.**

3

7.      Plaintiff also has substantially greater job responsibilities than other individuals with his job title.

**ANSWER**:      **NIU denies the allegations of this second Paragraph 7.**

8.      When Plaintiff discovered that he was paid less than non-Asian employees, he brought the issue to the attention of his manager, Rick Senne.

**ANSWER**:      **NIU is without knowledge or information sufficient to form a belief as to the truth of the allegations of this second Paragraph 8.**

9.      In April 2009, Senne contacted his superior, Mr. Kim Tracy, and requested a salary increase for Plaintiff that would bring his pay in line with similarly situated non-Asian employees.

**ANSWER:      NIU admits that in April 2009, Senne contacted his superior, Mr. Kim Tracy and requested a salary increase for Plaintiff.  NIU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this second Paragraph 9.**

10.      Plaintiff never received an increase in pay.

**ANSWER**:      **NIU denies the allegation of Paragraph 10.**

11.      On October 23, 2008, Plaintiff met with Human Resources manager Tom Blackwell.  Plaintiff made a written request for a salary increase, a transfer and an audit of his position.

**ANSWER**:      **NIU denies that Plaintiff asked for a transfer but admits the remaining allegations of Paragraph 11.**

12.      A position audit is Defendant's procedure for determining whether an employee should be moved into a different job classification based on the employee's responsibilities.

**ANSWER**:     **NIU denies the allegation of Paragraph 12.**

13.     The Human Resources department never responded to Plaintiff's requests.

**ANSWER**:     **NIU denies the allegation of Paragraph 13.**

14.     In May 2010, Plaintiff reviewed his personnel file and learned that his written requests were not contained in his personnel file and were never acted upon.

**ANSWER**:     **NIU is without knowledge or information sufficient to form a belief as to the truth of the whether Plaintiff reviewed his personnel file but denies the remaining allegations of Paragraph 14.**

15.     Plaintiff was subjected to unequal terms and conditions of employment because of his race, Asian, in violation of Title VII of the Civil Rights Act of 1964, as amended.

**ANSWER**:     **NIU denies the allegations of Paragraph 15.**

16.     Plaintiff filed a charge of race discrimination with the EEOC.

**ANSWER**:     **NIU admits the allegation of Paragraph 16.**

17.     After Plaintiff filed this charge he was subject to retaliation by his managers Jim Henning and Terrence Black, including excluding Plaintiff from meetings, deliberately preventing Plaintiff from learning about new policies for the department that Plaintiff needed to know about to properly do his job, and denying Plaintiff the raise that his immediate supervisor recommended.

**ANSWER**:     **NIU denies the allegations of Paragraph 17.**

18.     These changes to Plaintiff's job conditions were materially adverse to Plaintiff.

**ANSWER**:     **NIU denies the allegations of Paragraph 18.**

19.     As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered and continues to suffer damages.

**ANSWER**:     **NIU denies the allegations of Paragraph 19.**

## COUNT I

### (42 U.S.C. § 2000e-2(a)(1) – Race Discrimination)

20.     Plaintiff realleges paragraphs 1 through 19 as if fully set forth herein.

**ANSWER**:     **Defendants restate and reallege their answers to paragraphs 1-19 as paragraphs 1-19 of this Count I hereof as if fully stated herein.**

## COUNT II

### (42 U.S.C. § 2000e-3(a) –Retaliation)

21.     Plaintiff realleges paragraphs 1 through 19 as if fully set forth herein.

**ANSWER**:     **Defendants restate and reallege their answers to paragraphs 1-19 as paragraphs 1-19 of this Count I hereof as if fully stated herein.**

WHEREFORE, Defendant NORTHEASTER ILLINOIS UNIVERSITY, prays that judgment be entered in its favor and against Plaintiff Nguyen.

Respectfully Submitted,
**NORTHEASTERN ILLINOIS UNIVERSITY**

s/ Christina A. Andronache_____

LISA MADIGAN                    CHRISTINA A. ANDRONACHE
Attorney General                Assistant Attorney General
                                100 West Randolph Street, 13th Floor
                                Chicago, Illinois 60601
                                (312) 814-5312

6